IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES KIMBLE, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. _____ |
| | § |
| ELDUKL A. NGIRAINGAS, | § |
| STEVEN WAYNE CAMP, AND | § |
| REFRIGERATED SPECIALIST, INC., | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, James Kimble, Plaintiff, complaining of Eldukl A. Ngiraingas, Steven Wayne Camp, and Refrigerated Specialist, Inc., Defendants, and files for cause of action this his Plaintiff's Original Complaint, and would show as follows:

### A. Parties

1. Plaintiff James Kimble is a resident of Hendersonville, Sumner County, Tennessee.

2. Defendant Eldukl A. Ngiraingas is a resident of Grand Prairie, Tarrant County, Texas.

3. Defendant Steven Wayne Camp is a resident of Corinth, Denton County, Texas.

4. Defendant Refrigerated Specialist, Inc. is a corporation doing business in the State of Texas. Defendant Refrigerated Specialist, Inc. may be served with process by serving the registered agent, Marvin Hester, at 3040 East Meadows Boulevard,

1

Mesquite, Texas 37150.

## B. Jurisdiction

5.	The court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332(a)(1) because diversity of citizenship exists between the Plaintiff and Defendants.

## C. Venue

6.	Venue is proper in the U.S. District Court, Eastern District of Texas, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Cooke County, Texas. Venue in this judicial district is therefore proper pursuant to 28 U.S.C. 1391.

## D. Facts

7.	On or about the 30th day of July, 2018, at approximately 1:05 p.m., Plaintiff was lawfully stopped in a line of traffic at a red light facing westbound at or near the intersection of West US Highway 82 and Refinery Road.

8.	Defendant Eldukl A. Ngiraingas then negligently and without warning, failed to stop for traffic and ran into the rear of Plaintiff's vehicle causing a chain reaction of collisions involving two non-parties.

9.	Immediately following said collisions, Defendant Steven Wayne Camp then negligently and without warning, failed to stop for traffic and ran into the rear of Defendant Eldukl A. Ngiraingas's vehicle causing all of the vehicles to collide again.

10.	As a result of the collisions, Plaintiff suffered serious personal injuries.

11.	Defendant Steven Wayne Camp was operating his vehicle in the course and scope of his employment with Defendant Refrigerated Specialist, Inc.

## E. Count I- Negligence

12. At the time of the accident, Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp were operating their vehicles negligently. Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp had a duty to exercise ordinary care and operate their vehicles reasonably and prudently. Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp breached that duty in one or more of the following ways:

    a.    Failure to maintain a proper lookout;

    b.    Failure to turn their vehicles in an effort to avoid the collisions;

    c.    Failure to timely apply their brakes;

    d.    Failure to maintain proper control of their vehicles; and

    e.    Operating their vehicles at a rate of speed that a reasonably prudent driver would not have driven under the same or similar circumstances.

## F. Count II- Negligence Per Se

13. Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp's conduct described herein constitutes an unexcused breach of duty imposed by the laws of the State of Texas.

14. Plaintiff is a member of the class that traffic laws were designed to protect.

15. Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp's unexcused breach of the duty imposed by traffic laws proximately caused Plaintiff's injuries described herein.

16. Defendant Eldukl A. Ngiraingas and Defendant Steven Wayne Camp's

violations constitute negligence per se:

    a.    Section 545.058 by failing turn vehicles in an effort to avoid the collisions.

    b.    Section 545.062(c) by failing to allow sufficient space between their vehicles and other vehicles in a caravan or motorcade so that another vehicle can safely enter and occupy the space.

    c.    Section 545.351 by operating their vehicles at a rate of speed that a reasonably prudent driver would not have driven under the same or similar circumstances.

    d.    Section 545.401 by operating their vehicles in willful or wanton disregard for the safety of persons or property.

### G. Count III-Respondeat Superior

17.    At the time of the occurrence of the acts in question and immediately prior thereto, Defendant Steven Wayne Camp was within the course and scope of employment for Defendant Refrigerated Specialist, Inc.

18.    At the time of the occurrence of the acts in question and immediately prior thereto, Defendant Steven Wayne Camp was engaged in furtherance of Defendant Refrigerated Specialist, Inc.'s business.

19.    At the time of the occurrence of the acts in question and immediately prior thereto, Defendant Steven Wayne Camp was engaged in accomplishing a task for which he was employed.

20.    Plaintiff invokes the doctrine of Respondeat Superior against Defedant Refrigerated Specialist, Inc.

## H. Damages

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries and to incur the following damages:

  a. Physical pain and mental anguish in the past and future;

  b. Lost earnings;

  c. Loss of earning capacity;

  d. Physical impairment in the past and future; and

  e. Medical expenses in the past and future.

## I. Prayer

WHEREFORE, Plaintiff seeks judgment against Defendants for the following:

  a. Economic and non-economic damages;

  b. Pre-judgment and post-judgment interest;

  c. Costs of suit; and

  d. Any and all other relief the court deems just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

**MARLOWE LAW OFFICES, PLLC**

/s/ Billy J. Marlowe
BILLY J. MARLOWE, 024146
1613 Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee 37219
(615) 244-9190
(615) 244-9196 Facsimile
marlowelaw@marlowelaw.net
**ATTORNEY FOR THE PLAINTIFF**